UNITED STATES
v.
ALBANESE et al.

United States District Court
S. D. New York.
Jan. 14, 1954.

J. Edward Lumbard, U. S. Atty., New York City, for United States; Peter M. Brown, Asst. U. S. Atty., New York City, of counsel.

Archibald Palmer, New York City, for defendants.

IRVING R. KAUFMAN, District Judge.

Defendants move for a dismissal of Counts I and III of an indictment which charges them in four counts with attempting to defeat and evade a large part of the taxes due and owing by them to the United States in violation of Title 26 U.S.C.A. § 145(b).

The ground urged by the defendants for dismissal is that the offenses referred to "are not alleged to have been committed in the Southern District of New York."

Count I charges that the defendant Philip Albanese willfully attempted to defeat and evade a large part of the income tax due the United States for 1947 by willfully preparing and causing to be prepared and mailed in the Southern District of New York a false and fraudulent income tax return for the year 1947 which was filed with the Collector of Internal Revenue at Albany, New York. The count alleges that the return was fraudulent in that Philip Albanese alleged that he was an employee of a loading business, whereas in truth and fact he was the employer and had received a net income from the business substantially greater than was set forth in the return.

Count III charges that both Philip Albanese and Rosario Albanese willfully attempted to defeat and evade a large part of the income tax owing by Philip Albanese to the United States for the calendar year 1949, by preparing and causing to be prepared and mailed in the Southern District of New York a false and fraudulent tax return which was filed with the Collector of Internal Revenue at Albany, New York, wherein the net income of Philip Albanese was falsely stated at $2,340.73 instead of $13,127.59, the actual figure.

The defendants' contention is that since the returns were filed in Albany, the offense, if any, was committed there and that prosecution in this district on the aforesaid two counts is faulty in the light of Rule 18, Federal Rules of Criminal Procedure, 18 U.S.C.A., which provides in part that

"* * * prosecution shall be had in a district in which the offense was committed * * *."

The defendants' motion is based upon an erroneous interpretation of Section 145(b) of the Internal Revenue Code, under which they have been indicted. Section 145(b) reads as follows:

*"Failure to collect and pay over tax, or attempt to defeat or evade tax.* Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution." Title 26 U.S.C.A. § 145(b).

█ █ It is to be noted that the statute involved here does not make filing the essential element constituting the offense. Indeed, the subsection contains no reference to filing or to tax returns whatever. The statute specifically states that it is an offense for any person willfully to attempt "in any manner to evade or defeat any tax * * *" and, indeed, while the willful failure to file a return for a calendar year or a failure to pay a tax is a misdemeanor, Section 145(a), the willful attempt by affirmative acts to evade and defeat a tax is a felony, under Section 145(b).

Hence, in Spies v. United States, 1943, 317 U.S. 492, at page 499, 63 S.Ct. 364,

368, 87 L.Ed. 418, the Supreme Court interpreted the language of Section 145(b) as follows:

"Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished and perhaps did not define lest its effort to do so result in some unexpected limitation. Nor would we by definition constrict the scope of the Congressional provision that it may be accomplished 'in any manner'. By way of illustration, and not by way of limitation, we would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime."

It is clear therefore that a successful prosecution under Section 145(b) does not require a filing of a false return. The Section punishes fraudulent conduct which comprises "attempts in any manner to evade or defeat any tax". The acts of filing the false returns alleged in Counts I and III were but the final steps in the alleged fraudulent attempts committed in this district to defeat or evade the tax. The acts of filing, however, do not constitute the gravamen of the offense defined in Section 145(b).

Title 18 U.S.C.A. § 3237, is pertinent for it provides in part:

"Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

This Section is sufficient reply to defendants' contention that prosecution should take place only in the Northern District of New York wherein the tax returns were ultimately filed. While it is entirely possible that the filing of the fraudulent returns with nothing more, might constitute an attempt to defeat and evade a tax, it is clear that the preparation of the returns and the "causing" to be prepared (which would include the details and affirmative acts surrounding the causation) occurred in the Southern District of New York.[1]

The Spies case is clear authority for the Government's position that Congress intended by Section 145(b) to reach all those who employed any method to attempt willfully to evade or defeat a tax. Justice Jackson set forth by way of illustration, instances from which a willful attempt might be inferred and included "any conduct, the likely effect of which would be to mislead or to conceal." 317 U.S. at page 499, 63 S.Ct. at page 368. In short, the acts which constituted "the willful attempt" to defeat or evade were outlawed by this Section.

The defendants rely principally on Bowles v. United States, 4 Cir., 1934, 73 F.2d 722; certiorari denied 1935, 294 U.S. 710, 55 S.Ct. 506, 79 L.Ed. 1245, and United States v. Newton, D.C.W.D.Va. 1946, 68 F.Supp. 952, affirmed 4 Cir., 162 F.2d 795; certiorari denied 1948, 333 U.S. 848, 68 S.Ct. 650, 92 L.Ed. 1130. Neither case is in point. In the Bowles case, the defendant, a resident of the District of Columbia, had been charged

---

1. The Government has been advised by this Court upon the argument of this motion and a companion motion for a Bill of Particulars that complete details concerning the preparation of the returns, and the acts which constitute the unlawful attempt in the Southern District of New York to defeat and evade the taxes due to the United States, should be furnished to the defendants.

with filing a false return in Maryland and had been tried and convicted in the District Court of Maryland. On appeal, the court merely upheld the jurisdiction of the Maryland court. The issue of the jurisdiction of the court for the District of Columbia was not considered nor is there anything to indicate that any attempts to evade or defeat the tax occurred in any district other than the filing district. In short, there is nothing to indicate that the defendant had committed "any conduct, the likely effect of which would be to mislead or to conceal" in the District of Columbia. This is not the situation present here, for the Government asserts in the two counts in question willful attempts in the Southern District of New York to evade and defeat taxes.

In the Newton case the court held that where the defendant aided in the preparation of false claims, in violation of 26 U.S.C.A. § 3793(b) (1), while he was in the Western District of Virginia, he could be tried in that district, since the offense was begun there, even though the claims were filed with the Collector in the Eastern District of Virginia. The case of United States v. Kelley, 2 Cir., 1939, 105 F.2d 912, discussed in the Newton opinion, might at first blush appear to aid the defendants but a careful analysis compels one to a contrary conclusion. Both Kelley and Newton concerned prosecutions under another section of the Internal Revenue Code which dealt with the specific crime of assisting in the preparation or presentation of fraudulent income tax returns or claims, and neither case dealt with the crime of willful attempt "in any manner to evade or defeat any tax." It is apparent that the court in the Kelley case merged the offense there charged, to wit, aiding in the preparation and presentation of the return, with the preparation and presentation of the return, and considered them essentially the same for venue purposes, so that one who mailed advice from another district and thereby aided in the illegal preparation of the returns in the Southern District of New York could be prosecuted in this district. Under the charge in both the Newton and Kelley cases the preparation and presentation of the return were basic. It has already been emphasized sufficiently that the preparation or presentation of a tax return is not a basic essential of the offenses charged here.

The motion is denied. Settle order.