UNITED STATES of America
v.
Frank RULLY, aka Frank Rulli.
Cr. 9158.

United States District Court
D. Connecticut.

July 19, 1955.

Motion for Rehearing Granted
Nov. 2, 1955.

Simon S. Cohen, U. S. Atty., Hartford, Conn., for plaintiff.

John M. Chapnick, and Boris I. Bittker, New Haven, Conn., for defendant.

SMITH, Chief Judge.

In prosecution for income tax evasion, defendant has filed three motions, for discovery and inspection, for dismissal of the first count as barred by limitations, and for bill of particulars.

The government has agreed to make available the material sought by motion for discovery and inspection. The motion for discovery and inspection may go off.

The motion to dismiss the first count of the Information is based on a claim that there is a fatal variance between the complaint filed with the Unit-

ed States Commissioner and the Information subsequently filed, and a claim that the six year statute of limitations has run, no valid complaint having been filed with a Commissioner to toll the statute, and the Grand Jury then existing having in any case been discharged prior to the waiver of indictment and filing of the information. The complaint appears sufficient. U. S. v. Dolan, D.C. D.Conn., 113 F.Supp. 757, 760–762. Nor does the change in the information from "their joint net income" as phrased in the complaint to *"his* net income" appear to be a variance prejudicial to the defendant. If the component of the joint income under attack was that of defendant rather than his wife it still could have resulted in a misstatement of their joint net income. Limiting the charge to *"his"* in the information may narrow the possible proof, but could have been shown under the language of the complaint, and cannot harm defendant. The second claim depends on the meaning of "next session" in the statute, 26 U.S.C.A. § 3748. While the period for which the statute is tolled is no longer until the discharge of the next session of the Grand Jury, but for nine months, Internal Revenue Code 1954, Ch. 66, § 6531, Section 7851(d) extended the old provisions for acts committed prior to the effective date of the 1954 Act. The old provisions therefore apply here. It is not claimed that the statute was tolled by absence of defendant from the jurisdiction. The government claims that the waiver of indictment and consent to be prosecuted by information was a waiver of the bar of the statute. Since a waiver is the intentional relinquishment of a known right, for waiver to exist the defendant must have intended to abandon the protection of the bar, knowing of its existence, which is unlikely. No waiver is here established. Even under the old provisions, which apply here, however, the tolling of the statute did not end with the discharge of the then sitting Grand Jury two days after the filing of the complaint, but with the discharge of the "next session" of the

Grand Jury, which would normally be defined as the Grand Jury first convened subsequent to the date of the filing of the complaint. That Grand Jury has not yet been discharged. The Grand Jury then sitting had a "session" in the sense of a daily sitting two days after the filing of the complaint. The array had however been successfully challenged in another case, and the United States Attorney understandably chose not to bring this case before it. The next session for the transaction of business in the sense of this statute would be the first Grand Jury convened thereafter. Prior to the coming in of the next Grand Jury on May 2, defendant through his counsel agreed to waive indictment and plead to an information, which was done on May 13. That did not operate as a waiver of any defect in the complaint, but does excuse lack of further action on the complaint after the agreement to waive indictment and plead to an information.

The motion to dismiss the first count is denied.

With respect to the motion for bill of particulars, reasonable identification of the matter to be relied on, for protection of defendant and avoidance of unnecessary trial preparation appear to require the furnishing of the information requested in part, namely paragraphs 7, 8, 9, 10, 11, 12(a), 12(c), 13(a), 13(b), 13(c), 13(d), 14 (except as to 12(b)), 15 (so far as the identities are known to the government), 16, 17 (so far as presently known to the government). As to 12(b) the government may show the major categories of assets and liabilities upon which it relies, not necessarily restricted to or including all those set forth in the motion. The motion is granted as to the paragraphs indicated, otherwise denied.

#### Motion For Rehearing of Motion to Dismiss Count One

A sworn complaint of income tax evasion against defendant was lodged with a United States Commissioner on January 17, 1955, alleging a violation January 26, 1949. A Grand Jury returned in-

dictments in other cases January 19, 1955 and was then discharged without defendant's case being presented to it. A challenge to the array of that Grand Jury in another case was sustained February 23, 1955. The next succeeding Grand Jury in the district was drawn on March 2, 1955. On April 6, 1955, defendant was notified that charges were pending against him, and later agreed to waive indictment and consent to the filing of an information, reserving his rights to move against the information. His motion to dismiss Count One of the information based on the alleged January 26, 1949 violation as barred by the six year statute of limitations was denied.

■ Defendant moves for rehearing of his motion to dismiss Count One of the information as barred by limitations. There appear to have been two misconceptions by the Court of the facts, one that the Grand Jury array had already been successfully challenged before the Grand Jury session of January 19, 1955, which did not in fact occur until after the session of January 19, 1955, second that the agreement to waive indictment came so soon after the lodging of the complaint with the Commissioner as to excuse lack of further action on the complaint. It now sufficiently appears, however, that the agreement to waive came some ten weeks after the lodging of the complaint, and not substantially contemporaneously therewith. This is fatal to the government's claim on the first count, without considering the date of the "next session" of the Grand Jury.

If the institution of a complaint is made necessary by the Congress to toll the running of the statutes, the filing must have some purpose, the most likely being to inform the defendant that the charge is pending even though no indictment or information has been filed. This would put him on notice and enable him to preserve evidence and prepare to meet the sworn charges against him. The rules permit the government to request a summons rather than a warrant in a proper case. If neither is requested within a reasonable time, however, the desired notice is not given to the defendant and the purpose of requiring the institution of the complaint with the proper officer, the United States Commissioner, is frustrated. Here ten weeks elapsed before even informal notice was given the defendant. That is more than a reasonable time for notice to defendant. It is true that from the record we may infer that the Commissioner considered and filed the complaint in his own files. Possibly it may be presumed that he was satisfied by testimony under oath, that probable cause existed. To consider such action an "institution" within the intent of the statute, however, would mean a ruling that the sole purpose of the statute was to bring the government's claim before an officer for determination of probable cause, with no notice to the defendant or to the court. The placing of the complaint in his own files by the Commissioner may hardly be considered a formal action on his part, fulfilling any useful function.

The "institution" of a complaint must contemplate an application for some official action by the Commissioner, either the issuance of a warrant, as in U. S. v. Dolan, D.C.D.Conn., 113 F.Supp. 757, or at the option of the United States Attorney, the issuance of a summons. Unless such action is requested of the Commissioner at the time of filing the complaint and presenting sworn testimony in its support, or immediately thereafter, no notice or opportunity to be heard on probable cause is given the defendant, and the complaint may not be held to have been "instituted".

The motion for rehearing is granted. The motion to dismiss Count One is granted. Count One of the information is dismissed.