**UNITED STATES of America**

v.

**W. Herbert HOOVER.**

**Crim. No. 14544.**

United States District Court
W. D. Pennsylvania.

Aug. 19, 1955.

Judgment Affirmed May 29, 1956.
See 233 F.2d 870.

John W. McIlvaine, U. S. Atty., Leonard Paletta, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Jacob Kossman, Philadelphia, Pa., James W. Nelson, of Nelson & Campbell, Altoona, Pa., for defendant.

MARSH, District Judge.

The defendant was indicted and convicted under § 145(b), 26 U.S.C., on three counts of tax evasion for the years 1948, 1949 and 1950 "by signing and tendering to an Internal Revenue Service official at Altoona, Pennsylvania, a false and fraudulent income tax return * * * which was filed with the Collector of Internal Revenue for the First Internal Revenue Collection District of Pennsylvania." The defendant contends that since it is alleged that his returns for the years in question were filed in the First Internal Revenue Collection District of Pennsylvania, and that the alleged crime was committed in that District, he cannot be tried in the Western Judicial District of Pennsylvania even though Altoona is a part thereof, but must be tried in the Eastern Judicial District of Pennsylvania where his returns were filed.

It was proved at the trial that defendant signed and tendered his returns at the branch office of the First Internal Revenue Collection District at Altoona, Pennsylvania.

■ Without doubt, defendant is entitled to have his case tried "by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law * * *." U.S.Const. Amend. VI. In our opinion, as used in the Amendment the word "district" means, or at least includes, a judicial district. Thus, the vital question is whether any crime was committed by the defendant taxpayer in this judicial district. We think it was.

Although we can find no case embodying the identical language as used in the indictment with which we are here concerned, it seems that the language of Spies v. United States, 1943, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418, is broad enough to make "signing and tendering" false and fraudulent returns a method "by which a willful attempt to defeat and evade might be accomplished". This view, we think, is fortified by United States v. United States District Court, 6 Cir., 1954, 209 F.2d 575, and United States v. Albanese, D.C.S.D.N.Y.1954, 117 F.Supp. 736, affirmed 2 Cir., 1955, 224 F.2d 879. The latter case held that the language of the Spies case embraced "preparing and causing to be prepared". We see little actual difference between this and "signing and tendering". It seems that the court in the district where the "attempt" began has jurisdiction to try the case.[1]

■ The defendant in his motion contends that the verdict is against the evidence, against the weight of the evidence and against the law. In our opinion, the proofs amply established that this defendant willfully attempted to evade and defeat the payment of his income taxes by preparing, signing, tendering and filing false and fraudulent income tax returns. A conviction based on such proofs was sustained in United States v. Croessant, 3 Cir., 1949, 178 F.2d 96.

■ Defendant assigns as another reason in support of his motions for judgment of acquittal and for a new trial that he was substantially prejudiced as the result of "the limitation of the defendant's cross-examination of the witness Yaskin".

A brief description of the setting of the court's allegedly erroneous ruling will aid in the discussion of the question of whether a new trial should be granted.

The witness Yaskin, a Special Agent with the Intelligence Division of the Internal Revenue Service, testified in his direct examination, among other things, that he had interviewed defendant on three different occasions. He also testified to certain statements made by defendant during the course of those interviews, the exact nature of which is, in

1. See § 3237, 18 U.S.C.; cf. United States v. Valenti, 3 Cir., 1953, 207 F.2d 242, where the act of filing instead of an attempt "in any manner" constituted the gist of the offense.

our view, unimportant in the determination of this question.

In the cross-examination of this witness, counsel for defendant, after establishing that one of the interviews occurred on May 5, 1954, proceeded to ask the witness if he remembered that certain questions and answers had been asked and given. But before the witness could answer the question, counsel posed another as to whether the witness remembered that another quoted question had been asked of the defendant. Again, before the witness could answer, Mr. Kossman continued by stating that he would read the defendant's answer to the question; he represented that he was reading from a "transcript of testimony". At that point there was an objection by the Assistant United States Attorney which was sustained.

Immediately following this colloquy counsel for defendant again attempted to ask the witness if he remembered that a certain quoted question was asked of the defendant during the interview. Before any answer by the witness, the court reminded defense counsel of its prior ruling.

After establishing that Yaskin himself had asked the defendant various questions, counsel for defendant again asked the witness if he remembered asking the defendant a question, but before counsel could state the exact question, the court again reminded counsel of its prior ruling.

These are the rulings which defendant assails as a prejudicial limitation on his right of cross-examination and which he asserts entitle him to a new trial.

Viewed by themselves, the rulings might lead to a conclusion that defendant is on firm ground in his request, but as is so often the case an examination of what preceded and succeeded these occurrences is necessary to the final determination of the question.

To begin with, in nineteen instances defendant's counsel was permitted without objection to elicit from the witness Rice self-serving utterances of the defendant. Again in the examination of the witness Johnson, counsel for defendant drew out on eleven occasions evidence of declarations of the same nature apparently made during the course of the various interviews. Following the rulings complained of, counsel in cross-examining Yaskin about the interviews, on some nine occasions obtained from the witness testimony of other self-serving declarations of the defendant and completed his examination by asking the witness a question, without interference, in the very form which had been previously curtailed. It is apparent that broad latitude was allowed the defendant in developing fully the interviews whence came the admissions.

Defendant cannot complain that he was in the broad sense limited in any attempt to impeach the witness or test his testimonial qualifications. The statements of the court (Transcript of Record, p. 305) gave the defendant full license to impeach in any proper manner he desired.

In short, it appears that the defendant's counsel attempted to read to the jury certain questions and answers from an unidentified transcript[2] under the guise of testing Yaskin's recollection. Although the court refused to permit this, the defendant appears to have achieved his objective. For, during the course of the cross-examination of various government witnesses, many of these same questions and answers were brought out. Viewing the court's ruling in its proper context, the only complaint that the defendant can legitimately have is that he was prevented from using this unidentified transcript precisely when and how he chose. That he was not prejudiced by the court's ruling is further buttressed by the fact that he

---

2. In the course of his cross-examination, counsel for the defendant represented that there were *over 460 questions in* this transcript. Transcript of Record, p. 302.

made no effort to properly identify the transcript for employment in his cross-examination of Yaskin, nor did he make any effort to use the transcript in his case-in-chief. Accordingly, this point must also be decided against the defendant.

Motions denied.