**UNITED STATES of America**

v.

**Alfred JURZYKOWSKI, Alfred Schenker
and Morris Cohen.**

**Cr. No. 31835.**

United States District Court
N. D. New York.

June 26, 1957.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Kinsey T. James and James D. O'Brien, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Paul R. Shanahan, Syracuse, N. Y., William E. Carey, Jr., Washington, D. C., Manes, Sturim, Donovan & Laufer, New York City, James M. McInerney, Washington, D. C., for defendants.

BRENNAN, Chief Judge.

The defendants move to dismiss the separate counts of an indictment as they apply to each of the defendants separately.

On December 1, 1955 a four-count indictment was filed in this court which in effect charged the defendant, Jurzykowski, in Count 1 with a violation of Section 145(b) of the Internal Revenue Code of 1939 (26 U.S.C.A. § 145(b)) in that he attempted to evade a large part of the income tax due and owing by him and his wife to the United States of America for the calendar year 1948 by filing a false and fraudulent joint income tax return in behalf of himself and his wife with the Collector of Internal Revenue at Albany N. Y. Count 2 charges a similar violation of law by defendant, Schenker. Count 3 charges defendant, Cohen, with aiding, assisting, procuring and advising the preparation and presentation of the above mentioned income tax return of Jurzykowski in violation of Section 3793(b) (1) of the Internal Revenue Code of 1939 (26 U.S.C.A. § 3793 (b) (1)). Count 4 charges defendant, Cohen, with a similar violation of law in the matter of the above mentioned tax return of defendant, Schenker.

A previous motion to dismiss the indictment was denied with leave to renew.

The motion is based upon the assertion that the indictment under attack was not filed within the six year limitation after the commission of the offense and the prosecution and trial are proscribed by reason of the provisions of the Internal Revenue Code (26 U.S.C.A. § 3748). Each count of the indictment charges the commission of the offenses alleged therein to have occurred on or about the 16th day of May 1949. The defendants may not be prosecuted upon said indictment according to the dates appearing on the face thereof unless the period of limitations has been tolled under the provisions of law.

It appears without dispute that on May 16, 1955 and within the six year limitation period four complaints, signed and verified by Daniel J. Maher, Special Agent, Intelligence Division, Internal Revenue Service, were presented to United States Commissioner Conan at Syracuse N. Y. Said complaints were in a form provided for use by agents of the Internal Revenue Service in invoking the provisions of Section 3748 which provides as follows:

"Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the discharge of the grand jury at its next session within the district".

Each of the complaints by its language was based upon the personal knowledge of the agent executing same. One complaint in effect charged defendant, Jurzykowski, with attempting to evade his income tax due for the year 1948 by filing a false and fraudulent return of his net income. A similar complaint charged defendant, Schenker, with a like violation. The third complaint charged that on or about May 16, 1949 in the Northern District of New York defendant, Cohen, did aid and assist in the preparation and presentation to the Collector at Albany N. Y. the false tax return of defendant, Jursykowski. The fourth complaint charged Cohen with a similar offense relative to Schenker's 1948 return.

At the time the complaints were filed, a grand jury was in session in the North-

ern District of New York at Albany. That grand jury was discharged on June 14, 1955. The next grand jury impanelled in the Northern District of New York began its deliberations September 1955 and reported this indictment on December 1, 1955. The session of that grand jury extended beyond that date.

Other facts which are not in dispute are referred to briefly. During all of the times pertinent here, the defendants were residents of the Southern District of New York. The tax returns involved were prepared and executed in the Southern District of New York. The defendant, Cohen, assisted in the preparation of both Schenker's and Jurzykowski's returns but his personal activities in connection therewith all occurred in the Southern District of New York and he performed no further service for either Jurzykowski or Schenker in connection with the returns after the delivery to them of said returns on May 14, 1949. Both income tax returns were filed in the Collector's office at Albany on May 16, 1949.

It also is undisputed that defendant, Jurzykowski, was outside of the United States on eight separate occasions between January 1, 1950 and April 1, 1952 for a total of four hundred and twenty-eight days. The length of the absences varied from twenty-one days in December 1950 to one hundred and one days from May 1, 1950 to August 10, 1950. Defendant Schenker was outside the United States on six separate occasions during the same period for a total of two-hundred and ninety-one days. The duration of his absences varied from twenty-three days in 1951 to seventy-eight days in 1953. Neither Jurzykowski nor Schenker ever maintained a residence in the Northern District of New York.

There is no showing or claim that defendant, Cohen, was absent from the Southern District of New York for any appreciable or specific time during the relevant time period. He never resided or maintained a place of business in the Northern District of New York.

It is the contention of the Government that the statute of limitations was tolled as against all three defendants by the filing of the complaints, above referred to, with Commissioner Conan on May 16, 1955. It also contends that the statute was tolled as to defendants, Jurzykowski and Schenker, by reason of the provisions of Title 26 U.S.C.A. § 3748 which provides "the time during which the person committing any of the offenses above mentioned is absent from the district wherein the same is committed shall not be taken as any part of the time limited by law for the commencement of such proceedings".

The defendants contend that the complaints filed by the Revenue Agent before Commissioner Conan were insufficient to toll the statute in that they failed to show probable cause, the allegations thereof being necessarily based upon information and belief of the complaining agent. They assert that the provision of Section 3748, referred to above, is not applicable here since a grand jury was in session at the time the complaints were filed and that there is a fatal variance between the complaints and the indictment. They also contend that no warrant or summons having been issued by the Commissioner that the action taken before him was insufficient to toll the statute.

As far as absences of Jurzykowski and Schenker from the district and from the country are concerned, the defendants contend that they were business trips of short duration; that they did not interfere with any criminal prosecution and are therefore insufficient to toll the statute.

Since the disposition of the contention relative to the efficiency of the complaint filed before the Commissioner affects all three defendants, and might dispose of this motion, consideration will be first given thereto.

Judicial precedents interpreting Section 3748 as it relates to the institution of a complaint are few. The question is discussed in United States v. Dolan, D.C., 113 F.Supp. 757 and in the

decision of Judge Smith in United States v. Rully, D.C.Conn., 136 F.Supp. 881, 883. Although the procedure to be followed upon the filing of a complaint with a Commissioner is not specifically outlined in the statute, the section would be without purpose unless notice thereof was given to the defendant. In a civil case, an action is commenced by the filing of complaint with the intention that process issue. Rules 3 and 4, Fed.Rules of Crim.Proc., 18 U.S.C.A. Likewise it would seem that a complaint is "instituted" within the section when it is filed with the intention that the Commissioner determine its sufficiency and issue either a warrant or a summons as required. Criminal Rule 4(a).

In concluding that complaints were not instituted against the three defendants here, the language of Judge Smith in United States v. Rully, supra, is adopted.

"The 'institution' of a complaint must contemplate an application for some official action by the Commissioner, either the issuance of a warrant, as in United States v. Dolan, D.C.D.Conn., 113 F.Supp. 757, or at the option of the United States Attorney, the issuance of a summons. Unless such action is requested of the Commissioner at the time of filing the complaint and presenting sworn testimony in its support, or immediately thereafter, no notice or opportunity to be heard on probable cause is given the defendant, and the complaint may not be held to have been 'instituted'."

On this phase of the motion, there remains to be considered the effect of knowledge on the part of defendants' attorneys that the Government contemplated or had authorized the filing of the complaints and that one of the attorneys was given a copy of the complaints on May 24, 1955, eight days after they were filed. From the above facts, it is urged that the notice giving purpose of the statute is served and the defendants are not prejudiced.

The argument is not persuasive. To hold otherwise would allow the prosecution to substitute any efficient form of notice giving as a substitute for the mandatory issuance of process contemplated by Criminal Rule 4(a). This is not a situation where a defendant by his appearance, surrender or plea has waived a known right. The attorneys, referred to above, are not the attorneys of record for the defendants. The interpretation of the statute adopted requires at least an effort to convey actual personal notice of the complaint to each defendant. He may then proceed as he may be advised. The question is not of prejudice but rather of procedure involving the defendant's substantial rights. The contention is rejected.

Other contentions, addressed to the sufficiency of the complaints filed, need no discussion in view of the above decision.

The indictments must be dismissed unless the statute of limitations has been tolled by the provisions of Title 26 U.S.C.A. § 3748 to the effect that the time during which each of the defendants "is absent from the district" is not to be taken as a part of the time limited for the commencement of criminal proceeding. The problem of the effect of the absences of Jurzykowski and Schenker will be first considered.

The moving papers may be defective or insufficient to raise the question. United States v. Anthracite Brewing Co., D.C., 11 F.Supp. 1018 & 1019; United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538, but since the facts appear in the replying affidavits, it is deemed advisable to dispose of same.

During the pertinent time, neither Jurzykowski or Schenker was a resident of the Northern District of New York. They were in fact residents of New York City in the Southern District. Nor did they reside in the collection district requiring that their tax returns be filed at Albany. At least it was a matter of choice whether their returns be filed in the collection district where they re-

sided or in the collection district where they had their places of business.

While admitting the absences from the United States of the defendants as set out above, they contend that since they were not residents of the Northern District, such absences do not toll the statute therein. In other words that the statute might thereby be tolled only in the district in which they reside and in which the crime could have been prosecuted. I see no force in this argument. The tolling of the statute is predicated upon absence from the district in which the crime is committed, not absence from the district of residence. There is no doubt that the indictment charges that the violation was committed in the Northern District by the filing of the tax return and if the section applies, the statute was tolled therein.

We then come to the interpretation and application of the statute. The problem is not a new one or one in which the decisions are in complete harmony. Same was discussed by this court in United States v. Satz, D.C., 109 F.Supp. 94, followed in United States v. Udell, D.C., 109 F.Supp. 96, and cited in United States v. Hershenson, D.C., 131 F.Supp. 782 and United States v. Greenfield, D.C., 131 F.Supp. 843. In the later case of United States v. Beard, D.C., 118 F.Supp. 297, Judge Chesnut reviews the pertinent decisions.

Whether we apply the word "absent" as used in the statute as in the Satz decision, where the defendant had removed to California, or as meaning absents himself from his usual place of abode, as in the Beard case, the result here is the same. The several and prolonged absences of both defendants placed them beyond the processes of our courts if the reasoning of either decision is applied. Among the purposes of the tolling statute must have been the intention to eliminate such absences from the limitation period. No better reason need be stated for the above conclusion than to quote from Peak v. United States, 353 U.S. 43, 77 S.Ct. 613, 615, 1 L.Ed.2d 631,

decided March 25, 1957, viz.: "That seems to us to be the common sense of the matter; and common sense often makes good law".

Whether or not the defendants could have been prosecuted in either the Northern or Southern Districts of New York is not decisive. The defendants so contend relying upon United States v. Albanese, D.C., 117 F.Supp. 736, affirmed, 2 Cir., 224 F.2d 879. The wording of the the present indictment is quite different from that in the Albanese case. But even if the defendants are right in their contention, their absences would be equally effective to toll the statute in either district.

The defendants also urge that the absences of the defendants were temporary and for business purposes. They conclude that they therefore do not toll the statute. It is correct that there is no evidence that defendants were avoiding investigation or prosecution by their visits to foreign countries. Whether or not the processes of the government were delayed or hampered is a matter of speculation. The statute, as it existed, does not condition its application to a showing thereof. Neither does the statute as amended (26 U.S.C.A. § 6531). No such condition will be attached by interpretation.

The conclusion is reached that the time during which each of the defendants was outside the United States, as referred to herein and set forth in detail in the replying affidavit, constituted time periods during which each of them was absent from the Northern District of New York within the meaning of the statute.

Defendant Cohen is in a different position. He never resided in this judicial district. He never was absent from his place of abode. The Satz decision is distinguishable because the defendant there removed to a distant state. It would seem that an affirmative act on the part of Cohen is contemplated if the statute is to be tolled. None exists here. The decision in the Beard case is applicable and will be followed.

The motion to dismiss the indictment as to defendant, Morris Cohen, is granted.

The motions to dismiss the indictment as to Alfred Jurzykowski and Alfred Schenker are denied.

It is so ordered.