**UNITED STATES of America**

v.

**Joseph B. MONTGOMERY, Jr., President, Samuel E. Magid, Treasurer, John G. Baker, Asst. to Pres. (Officers of the Penn Ohio Steel Corporation).**

**Cr. No. 19190.**

United States District Court
E. D. Pennsylvania.

Jan. 14, 1958.

Harold K. Wood, U. S. Atty., Norman C. Henss, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

W. Bradley Ward, Herbert S. Mednick, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., David Brady, Gerald H. Ullman, New York City, for defendants.

EGAN, District Judge.

This is a motion to dismiss the indictment on the theory that it was not found

within the time set forth in the governing Internal Revenue Code. Three questions are presented and are disposed of in the order of their importance.

It is alleged that the defendants filed a false and fraudulent corporate income tax return on or about April 14, 1950. Criminal proceedings were begun by filing a complaint before the United States Commissioner on April 11, 1956. The complaint was sworn to by a Special Agent of the Internal Revenue Service. Service of the summons was thereafter made on Fred L. Rosenbloom, Esquire, a member of the firm of counsel for the defendants. No summons was ever served on the named defendants themselves.

The case was then presented to the next Grand Jury and before its discharge, the Grand Jury returned an indictment on the 8th of March, 1957—almost eleven months after the complaint was filed. The statute of limitations for this offense is six years.

The controversy presented by this case calls for a determination of which of two Codes is applicable, in that the offense was committed under the 1939 Code, while the proceedings were not begun until after the enactment of the 1954 Code.

Section 3748(a) of the 1939 Internal Revenue Code (26 U.S.C. § 3748 (1940) provides *inter alia:*

" * * * Where a complaint is instituted before a commissioner of the United States within the period above limited, [referring to the 6 year statute of limitations], the time shall be extended until the discharge of the grand jury at its next session within the district * * *". (Comment within the brackets supplied.)

Section 6531 of the 1954 Code (26 U.S. C. § 6531 (1955) states:

" * * * Where a complaint is instituted before a commissioner of the United States within the period above limited, [referring to the 6 year statute of limitations], the time shall be extended until the date

which is 9 months after the date of the making of the complaint before the commissioner of the United States * * * ". (Comment within the brackets supplied.)

In the instant case the indictment was found 11 months after the complaint was made before the commissioner but before the discharge of the next Grand Jury.

In order to determine whether or not the 1954 Code took immediate effect with respect to the 9 month time period, it is necessary to examine other portions of the 1954 Code. Section 7851 of the new Code provides for the effective dates of the various provisions. There we find the following. Section 7851(a) (7) states:

"If the effective date of any provision of the Internal Revenue Code of 1954 *is not otherwise provided* in this section or in any other section of this title, *such provision shall take effect on the day after the date of enactment of this title.* If the repeal of any provision of the Internal Revenue Code of 1939 is not otherwise provided by this section or by any other section of this title, such provision is hereby repealed effective on the day after the date of enactment of this title." (Emphasis supplied.)

Thus, if an examination of the 1954 Code reveals no provision for the effective date of the "extension of time" section, then the 9 month period (§ 6531, 1954 Code) became effective on August 17, 1954—one day after the date of enactment. It is the Government's contention, however, that Congress did provide for the effective date of § 6531 when it enacted Section 7851(d):

"*All periods of limitation,* whether applicable to civil causes and proceedings, or to the prosecution of offenses, or for the recovery of penalties or forfeitures, hereby repealed *shall not be affected thereby,* but all suits, proceedings, or prosecutions, whether civil or criminal, for causes arising, or acts done or committed, *prior to said repeal, may be com-*

*menced and prosecuted within the same time as if this title had not been enacted."* (Emphasis supplied.)

 The problem is thus pinpointed to the characterization to be given this extension of time granted in § 6531. The defendants maintain that this additional period must be construed as an "administrative grace period", not within the language of § 7851(d) referring to "periods of limitation." On the other hand, the Government contends that the additional period is nothing more than an extension of the statute of limitations and therefore within the meaning of § 7851(d). The interpretation given to this "period" will decide the question before the Court.

Another section shedding light on the issue is § 7851(a) (6) (A) which states:

"The provisions of subtitle F shall take effect on the day after the date of enactment of this title and shall be applicable with respect to any tax imposed by this title. The provisions of subtitle F shall apply with respect to any tax imposed by the Internal Revenue Code of 1939 *only to the extent provided by subparagraphs (B) and (C) of this paragraph.*" (Emphasis supplied.)

Subparagraph (C) further states:

"After the date of enactment of this title, the following provisions of subtitle F shall apply to the taxes imposed by the Internal Revenue Code of 1939, notwithstanding any contrary provisions of such Code: * * *

"(iii) Chapter 75, relating to crimes and other offenses, *but only* insofar as it relates to offenses committed *after* the date of enactment of this title, and in the case of such offenses, section 6531, relating to periods of limitation on criminal prosecution, shall be applicable * * *". (Emphasis supplied.)

It thus appears under the above section that if the offense was committed subsequent to the enactment of the 1954 Code, the new provisions apply. However, the above sections are void of any provisions relating to offenses committed before the enactment of the new Code. Congress' failure to provide for these latter offenses in this section presents the ideal situation for the application of the statutory construction maxim of *expressio unius est exclusio alterius.* Adopting this principle we have no alternative but to hold that offenses committed before the 1954 enactment are still governed by the provisions in effect at that time.

In opposition to this argument, the defendants contend that the wording of the last cited section is only for the purpose of continuing the old statutes of limitation for offenses committed prior to the 1954 Code (some offenses being changed from three to six years), and that it would not pertain to the extension of time as set forth in § 3748(a) of the 1939 Code or § 6531 of the 1954 Code. In support of their position, the case of United States v. Kleinman, D.C.E.D.N. Y.1956, 19 F.R.D. 423, is cited. In that case, the offense was committed before the enactment of the new Code and a complaint was made before a Commissioner within the six year period. However, the indictment was not found until *after* the discharge of the Grand Jury, but *within* nine months after the complaint was instituted—the converse of the instant case. On a motion to dismiss the indictment, the Court held that the 1954 Code provision relating to the nine months' extension of time supplanted the Grand Jury discharge provision of the 1939 Code *immediately* upon the enactment of the former.

We do not care for the reasoning of the Court in Kleinman. We find no reference in either Code to a so-called "administrative grace period." Actually each Code extends the limitations period by the additional time given when a complaint has been properly instituted before a United States Commissioner.

For these reasons, we believe that Section 3748 of the 1939 Code still applies here; that the indictment was seasonably found, and that it is valid on its face.

■ Having reached this point, it becomes necessary to discuss the second point raised by the defense, i. e. that no complaint was "instituted" so as to extend the six year period of limitation because of lack of proper service on the defendants.

It should be remembered that both under the 1939 and the 1954 Codes the additional period becomes applicable only when a complaint has been "instituted" before a United States Commissioner. See Sections 3748(a) of 1939 Code and 6531 of 1954 Code. The defendants maintain that in order to "institute" a complaint, proper service of the warrant or summons is mandatory. The Government, on the other hand, contends that a complaint is "instituted" when it is sworn to before the Commissioner.

Rule 3 of the Federal Rules of Criminal Procedure, 18 U.S.C., defines a complaint as follows:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States."

Rule 4(a) states:

"If it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a *warrant* for the arrest of the defendant *shall issue* to any officer authorized by law to execute it. Upon the request of the attorney for the government a summons *instead* of a warrant *shall issue* * * * *". (Emphasis supplied.)

The language is clear that either a warrant or a summons *must* issue as a result of a complaint. The authority cited by the Government for the proposition that the only necessary procedure is that the complaint be "made" does not withstand careful analysis and therefore does not aid us in our determination. It is our belief that the word "instituted" necessarily means that a warrant or summons must issue and that it must be properly served on the party to whom it is directed before it is completely "instituted." Any other interpretation would render the section meaningless.

The Government also contends that § 3748 of the 1939 Code does not require that a complaint be instituted. With this we disagree because the use of the word "complaint" necessarily includes the other provisions pertaining thereto.

Rule 4(c) (3) of the Rules of Criminal Procedure states the methods by which service may be accomplished:

"* * * The summons shall be served upon a defendant by delivering a copy to him personally, or by leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by mailing it to the defendant's last known address."

In the instant case, none of the aforementioned procedures was followed, but rather service was made upon a member of counsel for the defendants' law firm, pursuant to an apparent misunderstanding on behalf of the Government. The Government argues that Mr. Rosenbloom agreed to accept service on behalf of the defendants and that the service was made on him, relying on such an agreement. The Rules make no provision for this type of substituted service and it certainly appears to be novel in that we could find no authority for such a procedure. We have no doubt that all the negotiations between the United States Attorney's office and counsel for the defendants were carried on in good faith. However, the lack of compliance with the Rules is fatal to the Government's case here, even though inadvertent or brought about as the result of a misunderstanding.

The methods of service provided by the Rules would work no hardship on the Government. By resorting to the mailing provisions, service could have been easily accomplished, as the addresses of the defendants were known to the Government at all times. This is mani-

fested by the fact that the addresses of the defendants appear on the summonses themselves. The cases cited by the Government involving the issuance of a summons after the statute of limitations has run do not apply because, in the instant case, it is our opinion that no service whatsoever has taken place.

It also appears irrelevant that subsequent to the alleged service, counsel for the defendants entered into negotiations with the Government in an attempt to bring about a withdrawal of the prosecution. We feel that the defendants themselves should not be prejudiced by this fact. If counsel for the defense were successful in bringing about the abandonment of prosecution, the present controversy would not have arisen.

Absent any authority sanctioning service other than as provided by Rule 4, we feel that the complaint was not properly "instituted." Thus the Government was deprived of the additional time granted by § 3748(a) of the 1939 Code: i. e. "until the discharge of the grand jury at its next session within the district."

█ Only one question remains. The Government further contends that the statute of limitations was tolled because the defendants were not residents of the district at the time of the offense, nor were they ever residents of the district. For this proposition, they cite section 3748 of the 1939 Code:

"* * * The time during which the person committing any of the offenses above mentioned is absent from the district wherein the same was committed shall not be taken as any part of the time limited by law for the commencement of such proceedings * * *".

There is no question as to the applicability of this section in a proper case as it was specifically saved by § 6531 of the 1954 Code.

There seems to be a split of authority, however, on whether or not this section shall apply to situations where the defendant has not wilfully absented himself from the jurisdiction. The Government cites many cases wherein the statute was tolled while the defendant was absent from the Judicial District. In opposition, counsel for the defense cites the well reasoned case of United States v. Beard, D.C.Md.1954, 118 F.Supp. 297, which is factually closer to the instant situation than any of the others and whose approval is evidenced by the changes made in the 1954 Code.[1] Beard distinguishes all but one case cited by the Government (that one being subsequent to Beard and factually distinguishable itself). It seems that in all the cases where the statute was held to be a bar, the defendant either removed himself from the district or was out of the country and beyond process initially. The only case directly on all fours with ours is the Beard decision, where the defendant resided outside the Judicial District at all times. There Judge Chesnut held that the intention of Congress was not to include citizens who did not absent themselves from the district but resided elsewhere at all times.[2] With this reasoning we agree.

The Government's failure to serve the defendants in this case according to the Rules of Criminal Procedure is fatal.

The motion to dismiss the indictment is therefore granted.

1. See § 6531 of 1954 Code (26 U.S.C. § 6531).

2. In the Beard case, the defendant was a resident of Washington, D. C., who filed his return in Maryland.