UNITED STATES of America
v.
Harry SCHACK, Defendant.

United States District Court
S. D. New York.
June 5, 1958.

Paul W. Williams, U. S. Atty., New York City, Adelbert C. Matthews, Jr.,

Asst. U. S. Atty, New York City, of counsel, for plaintiff.

Jesse Moss, New York City, for defendant.

WEINFELD, District Judge.

The defendant moves to dismiss an indictment, charging him with evasion of 1951 income taxes, on the ground that prosecution is barred by the statute of limitations. The limitation period is six years which may be extended for nine months "where a complaint is instituted before a commissioner of the United States within the [six year] period * * * *".1

The parties are in accord that unless the statute was tolled, prosecution was barred on February 4, 1958. On the previous day, February 3, 1958, a grand jury before which evidence had been presented for several days, voted a no true bill.

Prosecution officials, evidently disappointed, decided to file a complaint with the United States Commissioner in order to extend the statute of limitations pending resubmission of the charges to another grand jury.

On February 4, 1958, the last day of the original limitation period, a special agent of the Internal Revenue Service appeared before, and was examined under oath, as to probable cause, by the United States Commissioner. The complaint was signed by the special agent, sworn to before the Commissioner, and then filed.

The defendant contends that the complaint was not timely "instituted" because no warrant was physically handed to a United States Marshal on the 4th day of February, 1958, the day the complaint was filed with the United States Commissioner, and hence the statute of limitations was not extended and prosecution is barred.

The facts relating to the warrant do not appear to be in dispute. Upon the filing of the complaint, a warrant was signed by the Commissioner directed to the United States Marshal or any other authorized officer for the arrest of the defendant. The warrant was not physically delivered to the Marshal or to any other officer. Instead, the assistant United States attorney notified the defendant's counsel of the proceeding before the Commissioner and that it was desired to have the warrant executed that very day, February 4, 1958. The attorney stated he was unable to locate his client and it was arranged that the defendant would appear the following day, February 5th, for arraignment before the Commissioner.

On February 5th the defendant appeared, was arraigned before the United States Commissioner, and the warrant was then delivered to a deputy marshal, who executed it. Subsequently the matter was submitted to another grand jury, which on March 5, 1958, voted a true bill of indictment—the one now under attack.

Thus, the essential issue is whether the complaint was "instituted" before the Commissioner within the original six-year period. Admittedly, the complaint, when filed with the Commissioner on February 4, 1958, was within the six-year period. However, the defendant urges that neither this action, in and of itself, nor the action of the Commissioner in signing the warrant constitute the "institution" of a complaint. He contends that to give vitality to the complaint a warrant must be physically delivered to the Marshal for execution, and since this was not done until February 5, 1958, one day after the original limitation period, the complaint was not "instituted * * * within the period above limited [six years] * * *" as

---

1. 26 U.S.C. Sec. 6531. No issue is raised as to whether the prior statute, 26 U.S.C. Sec. 3748 (Internal Revenue Code of 1939), applies rather than the current provision 26 U.S.C. Sec. 6531 (Internal Revenue Code of 1954). In either event, if the complaint was validly instituted the statute was tolled.

required by Section 6531 and hence prosecution is barred.

The defendant relies upon Rule 4(a) of the Federal Rules of Criminal Procedure, which provides:

> If it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant *shall issue to any officer* authorized by law to execute it. \* \* \* (Emphasis supplied.)

■■■ The defendant, of course, reads the words in the Rule "shall issue to any officer" as meaning shall be physically delivered upon its issuance to such officer. I do not agree. I hold that a complaint has been instituted within the purview of Section 6531 of Title 26, when a Commissioner has examined under oath a person making a charge and upon finding probable cause, thereupon reduces the charge to writing and signs a warrant for the apprehension of the person named, as provided for in Rule 4(a).

Thus, in the instant case, when the Commissioner on February 4, 1958, heard the special agent and then signed and filed the complaint containing the charge against the defendant and further signed the warrant which directed the United States Marshal to arrest the defendant, the complaint was timely instituted prior to the expiration of the original limitation period on February 4, 1958, and accordingly the time for the prosecution of the charge against the defendant extended for nine months.

The defendant's contention that only by physical delivery of the warrant upon its issuance is validity given to the institution of the complaint before the Commissioner is neither practical nor required by the language of Rule 4. That rule simply states that if the Commissioner is satisfied that it appears from the complaint that probable cause

exists "a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it." Thus, there was full compliance with Rule 4(a) when the warrant was signed by the Commissioner on February 4, 1958, directing the Marshal to arrest the defendant on the charge specified in the complaint, as to which the Commissioner found probable cause. This does not mean physically handing to the Marshal the warrant, but the act of the Commissioner in signing the warrant or initiating it, sending it on its way to the Marshal for execution within a reasonable time.[2] Such action meets the requirement of the Rule that a warrant "shall issue".

This view finds support in Rule 4(c) (3), which provides that in executing the warrant for the arrest of a defendant "the officer need not have the warrant in his possession at the time of arrest, but upon request he shall show the warrant to the defendant as soon as possible."

As a practical matter, if a Commissioner, satisfied after hearing a complaint, that probable cause exists, reduces the charge to writing, and issues the warrant under his signature, his action, if on the last day a prosecution could be instituted, would prove abortive unless he were able to find a marshal to hand him the warrant before the expiration of that day. In that circumstance the Commissioner's action in hearing the complaint and signing the warrant for the defendant's arrest would prove meaningless unless he could make the manual delivery to the Marshal. This does not seem to be the contemplation of the Rule or the Statute.

The defendant relies upon a number of cases to support his view, but a careful reading indicates that most of them did not pass upon the issue raised by this motion. In United States v. Dolan, D.C., 113 F.Supp. 757, 761, the essential attack was upon the complaint because of alleged failure to establish prob-

---

2. Compare Zacher v. United States, 8 Cir., 227 F.2d 219, 224, certiorari denied 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 858.

able cause as to the commission of the crime charged. District—now Court of Appeals—Judge Hincks decided the exceptive provision extending the statute of limitations in tax cases refers to "a complaint actually presented to a commissioner for his formal action which he properly found to be supported by probable cause." Accordingly, he overruled the plea that the statute of limitations barred prosecution by his ultimate conclusion that "the court file shows that the complaint was in fact instituted before the Commissioner; for upon the complaint he issued a warrant of arrest. His action thus imports that he at least was satisfied that the complaint was based on probable cause and there is no basis whatever for finding that the complaint was not instituted." Thus Judge Hincks simply held that the complaint was properly instituted and the statute of limitations tolled on the basis of probable cause.

So, too, the case of United States v. De Hardit, D.C., 120 F.Supp. 110, 116, does not support the defendant's claim. The issue posed in that case was whether there was a showing of probable cause before the United States Commissioner, and further, whether the issuance of a summons instead of a warrant, was sufficient to extend the statute of limitations as permitted under 26 U.S.C. § 3748. The Court there held both requirements were met to toll the statute and specifically that " * * * the statute of limitations was extended by the filing of the complaint * * *." There was no question as to delivery or non-delivery of a warrant or summons to a Marshal.

In United States v. Montgomery, D.C., 158 F.Supp. 267, 270, it is true the court stated "It is our belief that the word 'instituted' necessarily means that a warrant or summons must issue and that it must be properly served on the party to whom it is directed before it is completely 'instituted.' "

However, in that case a summons had been served upon the attorney for the defendant and the question was whether such service supported the complaint, since the statutory extension period had expired. Since service had never been made upon the defendant, as required by Rule 4(c) (3), the court was compelled to the conclusion that the prosecution was barred.

If the case is to be construed as holding that the execution of a warrant or the service of a summons in lieu of a warrant is essential in order to institute a complaint, then I most respectfully disagree.

In United States v. Jurzykowski, D.C., 159 F.Supp. 7, 9, it appears that "no warrant or summons" had been issued by the Commissioner, and hence that case is not apposite to the instant situation.

And in United States v. Rully, D.C., 136 F.Supp. 881, it also appears that all that was done was to file a complaint; that no warrant or summons was requested or issued and no notice of any kind as required by the rules was given to the defendant within a reasonable time after the filing of the complaint. Hence, the question raised in the instant proceeding was not before the Court.

■■ The defendant next attacks the indictment on the ground that insufficient competent evidence was presented to the grand jury. To support the contention he emphasizes that the prior grand jury had returned a no true bill. Certainly this furnishes no basis for drawing the inference that the succeeding grand jury which did return the indictment acted without evidence rationally to support the crime charged.[3] A subsequent grand jury has the undoubted power to inquire into and to indict upon a charge which has been previously considered by another grand jury and which has failed to return an indictment [4]

3. Cf. United States v. Costello, 2 Cir., 221 F.2d 668, 677.

4. United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333.

■ The fact that a subsequent grand jury to which a matter has been resubmitted has returned an indictment, necessarily carries with it a presumption that additional evidence or evidence sufficient to sustain the indictment was presented. This is one of the reasons subsequent grand juries reconsider matters rejected by a previous grand jury, either on their own initiative, or at the instigation of prosecuting officials. A sufficient answer is the recent holding by the Supreme Court in Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. Thereafter the Court emphasized the force of its holding when it stated in Lawn v. United States, 355 U.S. 339, 349, 78 S.Ct. 311, 317, 2 L.Ed. 2d 321:

\* \* \* this Court has several times ruled that an indictment returned by a legally constituted nonbiased grand jury, like an information drawn by a prosecutor, if valid on its face, is enough to call for a trial of the charge on the merits and satisfies the requirements of the Fifth Amendment.

■ Finally, the defendant seeks an inspection of the grand jury minutes. This request is based upon unsupported statements by defendant's counsel that the grand jury returned the indictment as a result of undue and excessive pressure of the prosecuting attorneys. No evidential matter to support this charge has been submitted. The allegations are clearly "unsupported suspicions," [5] and do not warrant granting the application for inspection of the grand jury minutes, particularly in the light of the unequivocal denial by the prosecuting officials who presented the matter to the grand jury that any undue pressure was exerted or unfair argument advanced. Absent compelling necessity, the grand jury proceedings should not be disclosed.[6] No such showing has been made.

The motion is denied in all respects.

5. Cf. Lawn v. United States, 355 U.S. 339, 351, 78 S.Ct. 311, 2 L.Ed.2d 321.

6. Cf. United States v. Proctor & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed. 2d 1077; United States v. Costello, D.C., 119 F.Supp. 159.